IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JASON L. BROWN,
    Plaintiff,

v.     :    CIVIL ACTION NO. 19-CV-2133

GBM 1037, LLC (TACO BELL
FRANCHISE), *et al.*,
    Defendant.

## MEMORANDUM

TUCKER, J.     MAY 30, 2019

Plaintiff Jason L. Brown, a regular litigant in this Court who is representing himself (proceeding *pro se*), filed this civil action against "GBM 1037, LLC (Taco Bell Franchise)," the Taco Bell Franchisee who owns the Taco Bell where he previously worked, based on the conditions of his prior employment. Brown seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Brown leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

I.     FACTS

Although the allegations in Brown's Complaint are not entirely clear, it is apparent that he is challenging the conditions of his former employment with Taco Bell. Brown asserts that he quit his job at Taco Bell because he "could not take the process of coming to work to punch in [his] social security number and also ideally juggle the atmosphere of other forced possible security numbers, not to mention the iris [point of sale] portal used by the employer." (Compl. at 12.)[1] Brown takes issue with the francisee's use of "a Point of Sale operation program named

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

IRIS POS because a body part is named Iris and a person could be named Iris," as is his mother. (*Id.* at 11.) Brown also alleges that his former employer "uses its place of employment to misbrand food to the public while enacting forced labor around the food," and notes that the day after he quit, his former employer made the news because its employees initiated a brawl. (*Id.* at 11.) The Court understands Brown to be claiming that his former employer somehow subjected him to forced labor or violated his First Amendment rights by requiring him to use his social security number in connection with administrative matters related to his employment and by requiring him to use the Iris POS system to perform his job.

Brown believes he was constructively discharged as a result of the conditions of his employment discussed above. (*Id.* at 7 & 10.) He attached various exhibits to his Complaint in the form of: (1) what appears to be a time sheet logging his hours in connection with which he was presumably required to use his social security number; (2) his social security card; (3) copies of paychecks; (4) a complaint Brown submitted to the Occupational Safety and Health Administration ("OHSA") claiming that his former employer was "practicing espionage and forced labor within [his] identity" and noting that he "feel[s] like the practices are scheduled to compromise [his] health"; (5) a letter from OHSA informing Brown that the conditions comprising the subject of his complaint are not covered by OSHA standards; (6) a Notice of Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC"); (7) print outs of internet searches related to the Iris POS system and the brawl that occurred at the Taco Bell where Brown worked; (8) Brown's birth certificate, which indicates that his mother's name is Iris; and (9) an informational flier about social security numbers.

2

As the basis for his claims, Brown cites the First Amendment, 18 U.S.C. § 1589, and 42 U.S.C. § 1981. He seeks damages in the amount of $300,000.[2]

## II. STANDARD OF REVIEW

The Court will grant Brown leave to proceed *in forma pauperis* because it appears that he is not capable of pre-paying the fees to commence this civil action. Accordingly, Brown's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which requires the Court to dismiss the Complaint if it frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Brown is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is

---

[2] Brown also cites 42 Pa. Cons. Stat § 8553, which has no apparent application here.

3

sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III. DISCUSSION

As Brown has been informed in prior cases, criminal statutes, including 18 U.S.C. § 1589, do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (per curiam) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."); *Brown v. U.S. Dist. Ct. for the E. Dist. of Pa.*, Civ. A. No. 18-747 (E.D. Pa.) (Apr. 9, 2018 Order at 6 (dismissing claims under 18 U.S.C. § 1589 as "meritless and frivolous")), *aff'd*, 740 F. App'x 239, 240 (3d Cir. 2018) (per curiam); *Brown v. Progressive Specialty Ins. Co.*, No. CV 17-5409, 2017 WL 6210283, at *1 (E.D. Pa. Dec. 7, 2017) ("[F]ederal criminal statutes generally do not provide a basis for civil liability."), *aff'd*, No. 18-1005, 2019 WL 1422895 (3d Cir. Mar. 29, 2019). Accordingly, the Court will dismiss his claims under § 1589 as legally baseless.

Brown's First Amendment claims appear to be brought pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a private actor may be considered a state actor depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists:

4

(1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Nothing in the Complaint suggests any factual or legal basis for considering a Taco Bell franchisee to be a state actor. Accordingly, the Court will dismiss Brown's First Amendment claims as legally baseless.

Brown also cites 42 U.S.C. § 1981 and attached to his Complaint a notice of right to sue letter from the EEOC. Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112). Section 1981 prohibits race discrimination in the making and enforcement of contracts. Nothing in Brown's Complaint provides any basis for plausibly inferring that any of those laws were violated. Rather, Brown seems to be complaining that he disliked his employer's point of sale equipment because it shares a name with a body part and his mother, and was unhappy that he was required to use his social security number in connection with his employment, presumably for administrative purposes. Those allegations do not provide a basis for a cause of action under the cited statutes nor do they provide any other basis for a claim. However, in light of Brown's *pro se* status, the Court will give him leave to file an amended complaint in the event he can allege any facts supporting a legitimate claim for employment discrimination under federal law.

It is worth noting that this is the twenty-third lawsuit that Brown filed in this Court since May of 2016. His twenty-two previously-filed civil actions were all dismissed because they

5

were frivolous, failed to state a claim, failed to comply with Federal Rule of Civil Procedure 8(a), or were otherwise baseless.[3] When he has appealed the unfavorable judgments in those cases, his appeals have been unsuccessful. Many of Brown's complaints and amendments raised claims containing defects of which he had already been put on notice, sometimes repeatedly. Brown proceeded *in forma pauperis* in each of those lawsuits. He has already been warned that

---

[3] *See Brown v. Superior Ct. of Pa.*, Civ. A. No. 19-2132 (dismissing complaint as frivolous); *Brown v. Smith & Solomon Commercial Driver Training*, Civ. A. No. 19-1533 (dismissing amended complaint on screening for failure to state a claim); *Brown v. Ct. of Common Pleas for Delaware Cty.*, Civ. A. No. 18-3043 (dismissing complaint with prejudice for failure to state a claim); *Brown v. City of Phila. Office of Innovation & Technology*, Civ. A. No. 18-1108 (dismissing complaint as malicious and for failure to state a claim), *aff'd*, 3d Cir. No. 18-2117 (affirming dismissal of complaint and conclusion that amendment would be futile); *Brown v. U.S. Dist. Ct. for the E. Dist. of Pa.*, Civ. A. No. 18-747 (dismissing case as frivolous), *aff'd*, 3d Cir. 18-2109 (affirming dismissal of complaint as frivolous); *Brown v. City of Phila. Office of Human Resources*, E.D. Pa. Civ. A. No. 18-544 (dismissed as malicious); *Brown v. Ct. of Common Pleas for Delaware Cty.*, E.D. Pa. Civ. A. No. 18-410 (dismissed for failure to state a claim and comply with Federal Rule of Civil Procedure 8(a)); *Brown v. City of Phila. Office of Human Resources*, E.D. Pa. Civ. A. No. 17-5410 (dismissed for failure to state a claim and failure to comply with Rule 8(a)); *Brown v. Progressive Specialty Ins. Co.*, E.D. Pa. Civ. A. No. 17-5409 (dismissed for lack of subject matter jurisdiction), *aff'd*, 3d Cir. No. 18-1005 (affirming dismissal of complaint and conclusion amendment would be futile); *Brown v. City of Phila.*, E.D. Pa. Civ. A. No. 17-3242 (dismissed as frivolous), *aff'd*, 3d Cir. No. 17-2927 (affirming dismissal and noting that "even a liberal reading of Brown's amended complaint fails to reveal any coherent factual allegations that might support a viable cause of action"); *Brown v. C.B.H. of Phila.*, E.D. Pa. Civ. A. No. 17-3241 (dismissed as frivolous and for failure to comply with Rule 8(a)), *aff'd*, 3d Cir. No. 17-2913 (agreeing that Brown's pleadings failed to state a claim); *Brown v. Pa. State Police*, E.D. Pa. Civ. A. No. 17-2930 (dismissed as frivolous); *Brown v. U.S. Dep't of Commerce*, E.D. Pa. Civ. A. No. 17-2929 (dismissed as frivolous and for failure to comply with Rule 8(a)); *Brown v. U.S. Dep't of Justice*, E.D. Pa. Civ. A. No. 17-1491 (dismissed as frivolous and for failure to comply with Rule 8(a)); *Brown v. Filopoulos*, E.D. Pa. Civ. A. No. 16-6349 (dismissed as frivolous), *aff'd*, 3d Cir. No. 17-1016 (summarily affirming dismissal of complaint prior to service); *Brown v. United States (Congress)*, E.D. Pa. Civ. A. No. 16-5610 (dismissed as frivolous); *Brown v. Pete's Pizza*, E.D. Pa. Civ. A. No. 16-5059 (dismissed as frivolous); *Brown v. Pete's Pizza*, E.D. Pa. Civ. A. No. 16-4578 (dismissed as frivolous); *Brown v. City of Phila. City Commissioners Voter Registration*, E.D. Pa. Civ. A. No. 16-4529 (dismissed as unintelligible and for failure to state a claim); *Brown v. City of Phila.*, E.D. Pa. Civ. A. No. 16-4528 (dismissed after Brown repeatedly failed to comply with Rule 8(a)); *Brown v. Pappert*, E.D. Pa. Civ. A. No. 16-3644 (dismissed on immunity grounds); *Brown v. The White House*, E.D. Pa. Civ. A. No. 16-2660 (dismissed as frivolous).

6

the repeated filing of frivolous lawsuits may subject him to filing restrictions. *See Brown v. Ct. of Common Pleas for Delaware Cty.*, Civ. A. No. 18-3043 (July 30, 2018 Memorandum at 7 n.4); *Brown v. U.S. Dist. Ct. for the E. Dist. of Pa.*, Civ. A. No. 18-747 (Apr. 19, 2018 Order at 1). Brown is again warned that additional frivolous filings may result in filing restrictions, including prohibitions on proceeding *in forma pauperis* in the future.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Brown leave to proceed *in forma pauperis* and dismiss his Complaint. This dismissal will be without prejudice to Brown's right to file an amended complaint within thirty (30) days in the event he can state a basis for a claim under federal laws prohibiting employment discrimination. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). If Brown files an amended complaint, he may not raise any claims under the First Amendment or criminal statutes because those claims are dismissed with prejudice. An appropriate Order follows.

BY THE COURT:

*[signature]*
**PETRESE B. TUCKER, J.**